## Smith *v.* Marianna.

### Opinion delivered January 18, 1909.

ARBITRATION—MISTAKE IN AWARD.—A complaint, seeking to set aside an award which plaintiff had accepted, is insufficient in alleging that the award of a certain sum as the value of plaintiff's land was rendered under mistake as to size of the tract, and that the arbitrators awarded to another a larger amount for a smaller tract, without alleging that the mistake as to the size of plaintiff's tract was material, or that plaintiff was by mistake or fraud induced to accept the award.

Appeal from Lee Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*W. A. Compton,* for appellant.

1. The complaint on its face is sufficient. An allegation that the mistake was a fraud on his rights was not necessary. Courts of equity will relieve against mistakes in proper cases, although no formal charge of fraud is made; but to determine what is or is not a proper case, a hearing of the facts must be had, as they do not appear on the face of the pleading. Victoria L. Rep. 154; 2 Greene (Iowa), 263. See, also, 76 Ark. 153.

2. Acquiescence effects a ratification only when made with full knowledge of the facts. Where it is made without such knowledge, the ratifying party may rescind as soon as he comes to full knowledge of the facts, where the rescission works no injury to the other party. 19 Pick. (Mass.), 300; 2 Bibb (Ky.), 163; 4 Am. Dec. 689; 47 N. J. Eq. 51; 7 Ga. 278.

3. If the facts on the hearing entitle him to it, the appellant is not deprived of the relief sought by the fact that the contract was for the time an executed one. 87 N. Y. 327; 41 Am. Rep. 371; 3 Kenner, Eq. Cas. 286; 67 N. Y. 338.

*H. F. Roleson,* for appellee.

There is no allegation that the lot is worth more than $600, that it is grossly inadequate, nor in fact that this sum is not a fair and reasonable price for it. If he received all the arbitrators thought his lot was worth, that should settle the matter; and there is no allegation that he did not.

There is no showing here for equitable interference. It was simply a question of determining the value of the lot. The court might relieve if the mistake appeared on the face of the award, or some contemporaneous writing, or is voluntarily admitted by the arbitrators. 2 Johns. Ch. 339; 37 Mo. 450. But the party must show from the face of the award that but for the mistake the award would have been different. 116 N. Y. 19; 32 Ark. 438.

BATTLE, J. T. K. Smith filed a petition in the Lee Chancery Court, which, omitting caption, is as follows:

"Comes the plaintiff and for cause of action herein says: That he was the owner of lot four in block H of the town of Marianna. That the said town of Marianna, by proper proceedings, proceeded to condemn all the property owned by various parties on the east side of public square in town of Marianna. That he and W. K. Jones submitted the matter of the sale of their lots to arbitration. That the said arbitrators awarded to him the sum of $600, as being the value of the lot above described, when in truth and fact it was not, and that the arbitrators labored under a mistake as to the length and width of his said lot. That his lot was larger than that of the said W. K. Jones and more valuable. Notwithstanding this fact, the arbitrators allowed W. K. Jones for a lot smaller than the plaintiff's the sum of $750. Plaintiff offers to repay or to return the $600, and asks that he be permitted to do so, and the arbitration be set aside. Wherefore he prays that the arbitration be set aside, and that he be allowed to repay the city $600 and take the lot, or else the mistake of the arbitrators be corrected, and he be allowed the additional sum of $150, the value of the said property."

The defendant demurred to the petition, because it does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiff, standing upon his petition and refusing to plead further, appealed.

Appellant's principal ground of complaint is that the arbitrators appraised Jones's lot, which was smaller than his, at a larger amount. There is no allegation that the arbitrators appraised his for a less amount because of the relative size of Jones's lot. The true reason is not given. It may have been because the arbitrators considered it more valuable. He does not allege that the difference in the sizes of the two lots was material, or sufficient to have changed the estimate of the arbitrators. He was at first willing to accept the $600 as full compensation for his lot. He does not allege that he was wrongfully or fraudulently induced to accept it, or labored under a mistake or ignorance of the fact that the arbitrators labored under a mistake as to the length and width of his lot, or otherwise.

Judgment affirmed.